**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| SOLOMON BERRY, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CASE NO.: 1:12-CV-149 (WLS) |
| | : |
| BRIDENDOLPH'S PROFESSIONAL | : |
| BAIL ENFORCEMENT, | : |
| DWAYNE BRIDENDOLPH, JR., | : |
| and FORREST GUNTER | : |
| | : |
|     Defendants. | : |
| | : |

## ORDER

Presently pending before the Court is Plaintiff's Motion to Compel Initial Disclosures and Discovery. (Doc. 25.) Therein, Plaintiff requests that the Court enter an order compelling Defendant Forrest Gunter to serve his Federal Rule of Civil Procedure 26(a)(1) initial disclosures and respond more completely to Plaintiff's First Interrogatories and First Request for Production of Documents. (*See id.*) Defendant Forrest Gunter has not responded to Plaintiff's Motion. (*See* Docket.)

The Court finds it appropriate to order that Defendant Gunter serve on Plaintiff the initial disclosures required by Rule 26. If Defendant fails to serve his initial disclosures within **fourteen (14) days of entry of this Order**, the Court will be forced to impose an appropriate sanction, as set forth in Federal Rule of Civil Procedure 37(c)(1). Accordingly, Plaintiff's Motion to Compel Initial Disclosures (Doc. 25) is **GRANTED-IN-PART** with regard to the request that Defendant Gunter be ordered to serve his Rule 26(a)(1) initial disclosures.

1

The Court, however, finds that Plaintiff's motion should be denied as to the portion that requests an order compelling discovery. When a party moves for an order to compel, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Here, Plaintiff's certification states only that "[c]ounsel for the Plaintiff has contacted and conferred with the Defendant, Forrest Gunter, multiple times through the use of e-mail in an attempt to allow the Defendant, Forrest Gunter, to respond to the requested [discovery] . . . and has been unsuccessful in obtaining the [said discovery]." (Doc. 25 at 10.) The problem with this mere statement is that it does not include any details about the conversations between the parties such that the Court can truly render judgment on whether Plaintiff conferred in good faith.

Rule 37 requires that the movant offer a detailed explanation of the efforts taken to resolve the discovery dispute without judicial intervention. Plaintiff's vague statement about contacting Defendant falls very short of meeting this standard. The quantity of communications is not necessarily determinative; rather the substance and quality of the communications instructs the Court's assessment of good faith. *Carter v. Vessel Beacon*, No. 09-117, 2009 WL 4456333, at *1 (S.D. Ala. Nov. 23, 2009) ("Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties .... [t]hat is, a certificate must include, inter alia, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.") (quoting *Shuffle*

*Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) ("[A] moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter."))).    Accordingly, because Plaintiff has provided insufficient detail to satisfy the good-faith inquiry, Plaintiff's Motion to Compel Discovery (Doc. 25) is **DENIED-IN-PART without prejudice** for failure to fully comply with the good-faith conference requirement of Rule 37.  Plaintiff may so move again with the appropriate Rule 37 certification.

      **SO ORDERED**, this   17th   day of October, 2013.

                                       /s/ W. Louis Sands
                                       **THE HONORABLE W. LOUIS SANDS,**
                                       **UNITED STATES DISTRICT COURT**