IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SOLOMON BERRY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:12-CV-149 (WLS) |
| : | |
| BRIDENDOLPH'S PROFESSIONAL : | |
| BAIL ENFORCEMENT, : | |
| DWAYNE BRIDENDOLPH, JR., : | |
| and FORREST GUNTER : | |
| : | |
| Defendants. : | |
| : | |

### ORDER

Defendant Bridendolph's Professional Bail Enforcement, a Maryland company owned by Defendant Dwayne Bridendolph, Jr., a Maryland resident, conducts bail recovery services. (Doc. 23 ¶¶ 1-2.) At the relevant time, Defendant Forrest Gunter was an employee/agent of Defendant Bridendolph's Bail Enforcement. (*Id.* ¶ 9.) On or about October 22, 2010, Defendants Bridendolph and Gunter entered a residence located at 206 West Tift Avenue, Albany, Dougherty County, Georgia. (*Id.* ¶ 14.) Defendants Bridendolph and Gunter were attempting to apprehend Walter Berry for outstanding warrants in Oklahoma. (*Id.* ¶ 10.) Walter Berry was approximately sixty years old on October 22, 2010, and is the father of Solomon Berry, the Plaintiff in this case, who was twenty-one years old at the time of the incident. (*Id.* ¶¶ 11-12.) The residence at 206 Tift Ave is owned by Plaintiff. Plaintiff was occupying his residence on October 22, 2010, when Defendants Bridendolph and Gunter, without warning, entered the premises. (*Id.* ¶ 13.) Per Plaintiff, Defendants violently broke through the front and back doors of the residence and entered the premises without his permission or consent and without a warrant. (*Id.*) Defendants then proceeded to willfully and wantonly attack the Plaintiff in a vicious manner by forcibly and unjustifiably laying hands on the Plaintiff, striking the Plaintiff, throwing him to the ground and choking him into submission. (*Id.* ¶ 15.)

1

Defendants then unlawfully restrained Plaintiff by handcuffing him behind his back. (*Id.* ¶ 16.) Defendants then forcibly and violently removed Plaintiff from the residence and continued to attack Plaintiff by throwing him to the ground and slamming him against his vehicle, a 1996 Cadillac Deville that was parked in front of the residence. (*Id.* ¶ 17.)

On October 4, 2012, Plaintiff filed his initial Complaint alleging that Defendants violated O.C.G.A. § 51-7-20 (false imprisonment) and § 51-7-22 (false imprisonment by several persons), when they viciously attacked him and unlawfully detained him against his will and without his consent.[1] (*Id.*) Plaintiff's Complaint sought to recover damages for his physical injuries and severe mental distress and psychological pain and anguish. (*Id.* ¶ 20.) Plaintiff also requested punitive damages for Defendants'' willful and wanton misconduct and want of care. (*Id.* ¶ 26.) Summonses were issued to all defendants. The only defendant to answer, however, was Forrest Gunter, who also filed a counterclaim against Plaintiff for malicious prosecution. (Docs. 14, 15.) On May 23, 2013, Plaintiff moved to amend his Complaint to correct certain scrivener's errors regarding the date of injury and to remove his property-damage claim for his 1996 Cadillac Deville. (Doc. 22.) The Court granted Plaintiff leave to amend his Complaint on June 13, 2013. (Doc. 24.)

At the close of discovery, the Court conducted a bench trial, commencing May 14, 2014. (Doc. 40.) Defendant Gunter, the only defendant in this case to enter an appearance, was not present for the trial nor did he receive the Court's permission to be excused from the trial. Defendants Bridendolph and Bridendolph's Professional Bail Enforcement were not present for trial either, and the Court entertained Plaintiff's Motions for a Default Judgment pursuant to Federal Rule of Civil Procedure 55 as to these two defendants.[2] The Court has granted these motions for default judgment by

---

[1] Plaintiff's Complaint alleges that the Court's jurisdiction is based on 28 U.S.C. § 1332.

[2] The Court will not enter a default under Federal Rule of Civil Procedure 55(a) against Gunter because although he did not appear for trial, he filed a responsive pleading to Plaintiff's Complaint during the course of the case. *See Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) (noting that the words "otherwise defend" in Rule 55(a) "refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits," not the situation where a party files a denial but does not appear for trial). The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d

separate orders. (*See* Docs. 48, 49.) The Court will address the damages to be assessed against these Defendants below. The Court will first address the oral judgment as a matter of law that it entered in favor of Plaintiff and as against Defendant Gunter.

Unlike Defendants Bridendolph and Bridendolph's Professional Bail Enforcement against whom the Court can enter default judgment because they failed to respond to the complaint, the Court will not enter judgment on the pleadings against Defendant Gunter, who answered Plaintiff's Complaint but did not appear for trial.[3] Rather, since the Court is not entering judgment on the pleadings against Defendant Gunter, the Court will assess the evidence heard at trial to determine the validity of Plaintiff's claims against Defendant Gunter.[4] *See Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) (noting that when a party has filed the appropriate responsive pleading but failed to appear for trial, judgment cannot be entered on the pleadings and the "truth of the answer ought to be tried").

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51–7–20. "The only essential elements of the action being the detention and its unlawfulness, malice and the want of probable cause need not be shown." *Westberry v. Clanton*, 72 S.E. 238, 238 (Ga. 1911). Detention is construed quite broadly under the statute. As noted by the Georgia courts, "[a]lthough 'imprisonment' was originally intended to have meant stone walls and iron bars, . . . under modern tort law an individual may be imprisoned when his movements are restrained in the open street, or in a traveling automobile." *Ferrell v. Mikula*, 672 S.E.2d 7, 11 (Ga. App. 2008) (additional citations and quotations omitted).

---

1206, 1209 (11th Cir. 1981) (en banc). Plaintiff could have requested an entry of default because Defendant Gunter never responded to the Amended Complaint (Doc. 23) and is therefore in default, too, but Plaintiff took no steps to do so. Therefore, while the Amended Complaint is the operative complaint, because Plaintiff did not challenge Defendant Gunter's failure to respond to the newer complaint, the Court will assess the evidence presented by Plaintiff to determine if he proved his case.

[3] *See supra* n.2.

[4] During the trial, the Court granted Plaintiff's oral motion for judgment as a matter of law *prior* to hearing the evidence. This was not proper. Nevertheless, the Court finds that its decision still stands because, as will be discussed below, the evidence presented during the damages portion of the trial still supports a finding that Plaintiff is entitled to judgment as a matter of law as to his false imprisonment claim against Defendant Gunter.

3

Here, the Court concludes that the evidence submitted by Plaintiff makes out a case for false imprisonment. It is clear that the warrant was not for Plaintiff, a twenty-year-old man. It should have been patently obvious that Plaintiff was not the individual listed in the warrant—a sixty-year-old man. Yet Plaintiff was intentionally manhandled, handcuffed and choked. Evidence also shows that Defendants were told by Plaintiff's cousin (Ms. Joan Johnson) of their error but persisted in their forcible manhandling of Plaintiff in an apparent attempt to force Plaintiff to divulge his father's whereabouts. Plaintiff's head was repeatedly slammed against his car after being dragged from his home in public view.

Based on the aforementioned, the Court finds that Plaintiff's claims for compensatory damages in the amount of $7,488.99 and pain and suffering damages in the amount of $22,500.00 are therefore supported by the evidence for Defendants' violation of O.C.G.A. § 51-7-10. For Plaintiff's compensatory and pain and suffering damages, Defendants shall all share equally in Plaintiff's recovery.[5] O.C.G.A. § 51-7-22 ("If false imprisonment is the act of several persons, they may be subject to an action jointly or separately. If jointly, all be responsible for the entire recovery.")

The Court also finds that Defendant Gunter's violent and persistent acts, even in the face of evidence that Plaintiff was not the suspect listed in the warrant, support a finding of maliciousness, and therefore, punitive damages in the amount of $20,000. O.C.G.A. § 51-12-5.1(b). It was Defendant Gunter who burst through the front door, tackled Plaintiff and started choking him. Defendant Gunter would also, later, be the individual who slammed Plaintiff up against his own car and dropped Plaintiff to the ground. Defendant Bridendolph, as Defendant Gunter's employer, is also liable for $20,000.00 in punitive damages. *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir. 2001) ("Under Georgia law, an employer is liable for punitive damages for the acts of its agent if the agent's conduct is sufficient to support an award of punitive damages.") (citing *Gasway v. Atl. & West Point R. Co.*, 58 Ga. 216 (1877))).

---

[5] Defendant Bridendolph Bail Enforcement is liable as the employer of Defendants Gunter and Bridendolph. *See Giles v. Smith*, 56 S.E.2d 860, 861 (Ga. App. 1949) ("A master and his servant may be jointly sued for damages resulting solely from the negligence of the servant."), *overruled on other grounds*, *Miller v. Grand Union Co.*, 512 S.E.2d 887 (Ga. 1999).

As to Defendant Bridendolph, individually, he is only liable for $5,000.00 in punitive damages because while his individual actions were not malicious, by participating in the false imprisonment of Plaintiff, he showed conscious disregard for Plaintiff's right to be free from detention. *See E-Z Serve Convenience Stores, Inc. v. Crowell*, 535 S.E.2d 16, 19 (Ga. App. 2000) (noting that ""([c]onscious indifference to consequences) [in O.C.G.A. § 51-12-5.1(b)] relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights") (additional citation omitted). Yes, Defendant Bridendolph pulled Defendant Gunter off of Plaintiff in the house, and there was no allegation that he took part in any of the forcible manhandling. Nevertheless, Defendant Bridendolph is the owner of Bridendolph Bail Enforcement, and, therefore, the boss of Defendant Gunter. For that reason, he was in a position to prevent Defendant Gunter from treating Plaintiff as he did. When he chose not to, his actions showed conscious disregard for the consequences to Plaintiff. Therefore, he too should be liable for punitive damages.

**SO ORDERED**, this  12th   day of June 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**